IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THEODORE WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0141 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS
FOR WANT OF PROSECUTION**

On May 23, 2005, petitioner THEODORE WAYNE JOHNSON filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody appearing to challenge a disciplinary proceeding. However, due to petitioner's failure to fully and completely fill out the habeas form petition, and due to petitioner's illegible hand-written claims, the Court is unable to determine what specifically petitioner is challenging. Petitioner has failed to check the appropriate box at page 2 of the form petition, indicating the nature of his challenge, and petitioner has failed to answer Questions 1 through 4, at page 2 of the form petition, such questions required to be answered by all applicants. Further, petitioner has not provided the date or number of the disciplinary case and he has failed to set forth what punishment was imposed.

On May 26, 2005, the Court entered a Briefing Order directing petitioner to provide the above listed information and to set for with specificity his grounds for relief. Petitioner has not responded to the Court's order. On June 7, 2005, correspondence was received from petitioner and

such appears to be a copy of the *pro se* instruction sheet sent by the Clerk to all applicants. Petitioner has made notes on such document and apparently sent it back to the Court. The notes are illegible and it is unclear what petitioner was communicating to the Court. On June 28, 2005, petitioner sent another document which was again illegible. The Court interpreted such as a request for an enlargement of time in which to respond to the Court's briefing order. However, such request was untimely as it was filed two weeks past the deadline set by the Court, and petitioner set forth no valid reason why he was entitled to more time. Such motion was denied June 29, 2005.

To date, petitioner has failed to set forth the nature of his claim and what rights he asserts have been violated. Further, petitioner has failed to comply with a direct order of the Court.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner THEODORE WAYNE JOHNSON be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>29th</u> day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).